**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **MyFootShop.com, LLC**<br>      **Plaintiff,** | **Case No. 17-CV-7175** |
| **v.** | **Judge:** |
| **Greenbaum Family Trust, Inc.**<br>**(d/b/a Atlas Biomechanics)**<br>      **Defendant** | **JURY TRIAL DEMANDED** |

### COMPLAINT FOR COPYRIGHT INFRINGEMENT, DMCA VIOLATIONS, AND TRADEMARK INFRINGEMENT WITH DEMAND FOR JURY TRIAL

Plaintiff MyFootShop.com, LLC ("MFS" or "Plaintiff"), through its undersigned counsel, hereby brings this action against defendant Greenbaum Family Trust, Inc. ("Defendant") as follows:

### THE PARTIES

1.  Plaintiff MyFootShop.com, LLC is a limited liability company organized under the laws of the State of Ohio, with a principal place of business at 1159 Cherry Valley Rd., Newark, Ohio 43055.

2.  Upon information and belief, Defendant, Greenbaum Family Trust, Inc., is a corporation organized under the laws of the State of Illinois, and operates under the assumed name "Atlas Biomechanics."  Upon information and belief, Defendant has a principal place of business at 12144 E. Altadena Dr., Scottsdale, Arizona 85259.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this case under 28 U.S.C. § 1131 (federal question jurisdiction), 28 U.S.C. § 1338(a) (copyright and trademark jurisdiction), 28 U.S.C. § 1367(a) (supplemental jurisdiction) and 15 U.S.C. § 1121(a) (trademark jurisdiction).

4.  This Court also has jurisdiction over this case under 28 U.S.C. § 1332(a)(1) because it is between citizens of different states and the amount in controversy exceeds $75,000.00.

5.  This Court has personal jurisdiction over Defendant because Defendant resides in this District.

6.  Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1) because Defendant resides in this district.

## FACTUAL BACKGROUND

7.  For more than 15 years, Plaintiff has offered a wide variety of foot care products to consumers, including, but not limited to, arch supports, foot pads, heel cushions, and bunion products. Plaintiff has also offered products to address ailments and conditions affecting ankles, legs, skin, and nails.

8.  Plaintiff also provides information on its blog and its knowledge base articles on various topics related to podiatry, foot and ankle anatomy, and foot and ankle products.

9.  Since 2000, Plaintiff has advertised and sold products over the internet, at its website located at www.myfootshop.com. Plaintiff's website includes many pictures demonstrating products for sale and their use.

10. Plaintiff has also sold products through Amazon.

11. Through its website, Plaintiff has sold products to customers located throughout the United States, and also makes sales to customers located in foreign countries.

**Plaintiff's Trademarks**

12. Since January of 2014, Plaintiff has made continuous use of the following design mark (hereinafter the "MFS Logo") in U.S. interstate commerce:



13. Plaintiff's use of the MFS Logo has included continuous and prominent use of the mark on its website located at www.myfootshop.com. Plaintiff also uses the MFS Logo as a watermark on photographs of the products it offers for sale on its website. Plaintiff also places the MFS Logo directly on certain products and on product packaging.

14. On January 13, 2014, Plaintiff filed application serial number 86/163648 for the MFS Logo for the following goods: Athletic ankle braces for medical use; Bandages for anatomical joints; Compression bandages; Elastic bandages; Elastic stockings; Elastic stockings for surgical use; Medical and therapeutic device and apparatus, namely, a force and motion sensing apparatus and assisted exercise machine for the rehabilitation of the foot and ankle affected by neuromuscular diseases, disorders, or injuries for home or clinical use; Medical boots for foot fractures and broken ankles; Medical braces for the foot and ankle; Medical compression stockings and tights; Orthopedic apparatus and instruments for diagnostic and therapeutic use; Orthopedic braces; Orthopedic cushions;

Orthopedic cushions and padding; Orthopedic devices to stretch and exercise the toes and feet; Orthopedic devices for therapeutic use; Orthopedic soles; Orthopedic support bandages; Orthopedic supports; Orthotic inserts for footwear; Protective sleeves used with orthopedic bracing systems to protect skin from abrasions; Splints; Supports for the foot and ankle for medical use; Viscous gel polymer sold as a component of finished custom cushioned medical and therapeutic devices and equipment, namely, therapeutic braces, neo-natal care pouches, polymer custom cushioned orthotic inserts for footwear.

15. Plaintiff's application for the MFS Logo was granted and issued on September 9, 2014 as U.S. Registration No. 4,600,505. A copy of this Registration is attached as Exhibit A.

16. Registration No. 4,600,505 was duly and legally issued, and is valid and subsisting.

17. Since 2000, Plaintiff has also made continuous use of the mark MYFOOTSHOP.COM in U.S. interstate commerce.

18. Among other things, the MYFOOTSHOP.COM mark has been continuously and prominently displayed on Plaintiff's website since 2000.

19. Plaintiff also places the MYFOOTSHOP.COM mark directly on certain products and on product packaging.

20. The MFS Logo and MYFOOTSHOP.COM mark are herein collectively referred to as the "MFS Marks."

21. Through its use of the MFS Marks, Plaintiff has become known for providing quality goods and services.

22. All goodwill generated from Plaintiff's use of the MFS Marks inures to the benefit of Plaintiff.

4

23. Plaintiff has acquired common law rights in the MFS Marks throughout the United States due to the extensive and continuous use of said marks by Plaintiff in connection with its goods and services.

24. Plaintiff has never given Defendant authorization to use either of the MFS Marks.

## Plaintiff's Copyrights

25. Plaintiff uses many photographs on its website to advertise the products it offers.

26. During 2013, 2014, and 2015, Plaintiff hired a photographer to create certain photographs of its products including orthotic products, foot pads, and shoe inserts. These photographs are referred to herein as the "MFS Photographs."

27. Some of the MFS Photographs show products as used on a foot or in a shoe.

28. All ownership rights in the MFS Photographs have been assigned to Plaintiff. Plaintiff is the copyright owner of the MFS Photographs pursuant to 17 U.S.C. § 201.

29. The MFS Photographs are entirely original, distinctive, and unique in perspective, orientation, positioning, lighting, and other details. Accordingly, the MFS Photographs are protectable under the Copyright Act.

30. Plaintiff registered the MFS Photographs with the U.S. Copyright Office, which issued Plaintiff the following three copyright registrations: Copyright Registration No. VA 2-055-167 (effective date June 22, 2017); Copyright Registration No. VA 2-055-328 (effective date June 22, 2017); and Copyright Registration No. VA 2-058-839 (effective date June 22, 2017). Copies of the Copyright Registrations are attached as Exhibits B, C, and D.

31. From 2013 to 2015, Plaintiff published the MFS Photographs to its website.

32. Plaintiff has complied in all respects with the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*, as amended, and all other laws and regulations governing copyright with respect to the MFS Photographs.

33. Plaintiff has included copyright management information ("CMI") pursuant to 17 U.S.C. § 1202(c) in the form of a watermark of the MFS Logo placed on the bottom right corner of the photographs used to sell products on its website.

34. Plaintiff has also included a copyright disclaimer at the bottom of its website since at least January 2014.

**<u>Defendant's Unauthorized Use of Plaintiff's Trademarks and Copyrights</u>**

35. Around December 2016, Plaintiff discovered that Defendant had reproduced, displayed, and distributed certain MFS Photographs on Defendant's website (www.atlasbiomechanics.com), Defendant's Amazon store, and multiple other internet locations.

36. The certain MFS Photographs found around December 2016 to be reproduced, displayed, and/or distributed by Defendant are shown below, along with their copyright registration numbers:

| Photo | Photo Title | Copyright Registration |
|---|---|---|
|  | **810_Dancers_Pad_Premium_Felt** | **VA 2-055-167** |
|  | **729_Metatarsal_Pads_Felt** | **VA 2-055-167** |
|  | **852_Metatarsal_Cushion_Gel** | **VA 2-055-167** |

|  | **946_Heel_Cushions_PPT** | **VA 2-055-167** |
|---|---|---|
|  | **697_Gel_Toe_Protector_ALT** | **VA 2-055-167** |
|  | **680_Dr_Jills_Gel_Dancers_Pads_A LT** | **VA 2-055-167** |

|  | **977_Neuroma_Pads_Mini_Felt** | **VA 2-055-328** |
|---|---|---|
|  | **677_Heel_Lifts** | **VA 2-055-328** |
|  | **815_Metatarsal_Pad_Foam_ALT2** | **VA 2-055-328** |

|  | 929_Dr_Jills_Ball_of_Foot_Gel_Cushion_ALT | VA 2-055-328 |
| --- | --- | --- |

37. Around December 2016, Plaintiff also discovered that Defendant was advertising products under the marks "MYFOOTSHOP.COM", "MY FOOT SHOP" and "MYFOOTSHOP."

38. Screenshots of websites from December 2016 showing Defendant's reproduction, display, and/or distribution of certain MFS Photographs, as well as Defendant's use of the marks "MYFOOTSHOP.COM", "MY FOOT SHOP", and "MYFOOTSHOP" are included in Exhibit E.

39. Plaintiff did not license or otherwise authorize Defendant to reproduce, display, or distribute its Photographs in any manner.

40. Defendant reproduced, displayed, and distributed certain MFS Photographs without Plaintiff's CMI, namely the MFS Logo.

41. On December 23, 2016, Plaintiff, through counsel, sent a letter to Defendant through its listed Statutory Agent, notifying Defendant of their copyright and trademark infringement and demanding that, among other things, Defendant cease and desist from use of the MYFOOTSHOP.COM mark and use of Plaintiff's images.

42. During January 2017, Plaintiff's counsel and Defendant's counsel corresponded regarding the removal of images from various websites.

43. Defendant, through its counsel, stated that it would "not use any of Myfootshop.com's copyrighted or trademarked materials at any time in the future."

44. In August 2017, Plaintiff discovered that Defendant continued to make use of various MFS Photographs on Amazon.com, Defendant's twitter account (@AtlasBio9), and on Defendant's blog (https://atlasbiomechanics.wordpress.com).

45. The certain MFS Photographs found in August 2017 to be reproduced, displayed, and or distributed by Defendant are shown below, along with their copyright registration numbers:

| Photo | Photo Title | Copyright Registration |
|---|---|---|
|  | **680_Dr_Jills_Gel_Dancers_Pad – 7/1/2014** | **VA 2-055-328** |

| | | |
|---|---|---|
|  | **680_Dr_Jills_Gel_Dancers_Pad_A LT2 – 7/1/2014** | **VA 2-055-328** |
|  | **680_Dr_Jills_Gel_Dancers_Pads_A LT – 10/3/2013** | **VA 2-055-167** |
|  | **946_Heel_Cushions_PPT – 9/25/2013** | **VA 2-055-167** |

| | | |
|---|---|---|
|  | **947_Arch_Cookies_PPT –** **2/10/2014** | **VA 2-055-** **328** |
|  | **977_Neuroma_Pads_Mini_Felt –** **2/10/2014** | **VA 2-055-** **328** |

46. Screenshots showing use of various MFS Photographs discovered by Plaintiff in August 2017 are shown in Exhibit F.

47. The MFS Photographs identified herein (810_Dancers_Pad_Premium_Felt; 729_Metatarsal_Pads_Felt; 852_Metatarsal_Cushion_Gel; 946_Heel_Cushions_PPT; 697_Gel_Toe_Protector_ALT; 680_Dr_Jills_Gel_Dancers_Pads_ALT; 977_Neuroma_Pads_Mini_Felt; 677_Heel_Lifts; 815_Metatarsal_Pad_Foam_ALT2; 929_Dr_Jills_Ball_of_Foot_Gel_Cushion_ALT; 680_Dr_Jills_Gel_Dancers_Pad;

13

680_Dr_Jills_Gel_Dancers_Pad_ALT2; 946_Heel_Cushions_PPT;

947_Arch_Cookies_PPT) are collectively referred to as the "Asserted Photographs."

48. While at least one of the Asserted Photographs currently in use by Defendant bears the

MFS Logo watermark in its lower right-hand corner, other photographs have no such

watermark.

49. As Plaintiff first discovered Defendant's unauthorized reproduction, display, and

distribution of the Asserted Photographs no earlier than 2016, Plaintiff's copyright

infringement and DMCA claims are within the three-year statute of limitations period

pursuant to 17 U.S.C. § 507(b).

## COUNT I - COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 106)

50. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 49 above.

51. Defendant reproduced, displayed, and/or distributed the Asserted Photographs on its

website and on third party websites without authorization of Plaintiff or the law.

52. Defendant has not compensated Plaintiff for its reproduction, display, and distribution of

the Asserted Photographs.

53. Defendant's conduct violates the exclusive rights belonging to Plaintiff as the owner of

the copyright for the Asserted Photographs, including without limitation, Plaintiff's

exclusive rights under 17 U.S.C. § 106.

54. As a direct and proximate result of its wrongful conduct, Defendant has realized and will

continue to realize profits and other benefits rightfully belonging to Plaintiff for the

copyright of the Asserted Photographs.  Accordingly, Plaintiff is entitled to, and seeks an

award of, actual damages plus attorneys' fees and costs pursuant to 17 U.S.C. §§ 504 and

505.

55. Plaintiff is entitled to and seeks statutory damages for Defendant's copyright infringement in the Asserted Photographs, including attorneys' fees and costs, pursuant to 17 U.S.C. §§ 504 and 505.

56. Defendant's copyright infringement of the Asserted Photographs is willful and performed with knowledge that its reproduction, display, and distribution of the Asserted Photographs was unauthorized; Plaintiff is therefore entitled to elect for the recovery of enhanced statutory damages pursuant to 17 U.S.C. § 504.

## COUNT II – DMCA VIOLATION FOR REMOVAL OF CMI
### (17 U.S.C. § 1202(b))

57. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 56 above.

58. Defendant, without the authority of Plaintiff or the law and in violation of 17 U.S.C. § 1202(b), intentionally removed Plaintiff's CMI from certain Asserted Photographs and reproduced, displayed, and distributed certain Asserted Photographs on their website and various third-party websites knowing that Plaintiff's CMI had been removed or altered and knowing or having reasonable grounds to know that such removal would induce, enable, facilitate, or conceal copyright infringement.

59. As a direct and proximate result of their wrongful conduct, Defendant has violated Section 1202(b) causing Plaintiff to suffer injuries; Plaintiff is thus entitled to remedies set forth under 17 U.S.C. § 1203.

## COUNT III – FEDERAL TRADEMARK INFRINGEMENT
### (Lanham Act § 32, 15 U.S.C. § 1114)

60. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 59 above.

15

61. Defendant's use of the MFS Marks constitutes an infringement of Plaintiff's registered MFS Logo, as well as Plaintiff's common law rights in the MFS Marks, and causes a likelihood of confusion, mistake, and deception of the public, causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

62. The acts of Defendant complained of herein constitute unauthorized use in commerce of the federally-registered MFS Logo in connection with the sale, offering for sale, distribution, and advertising of goods and services in violation of 15 U.S.C. § 1114.

63. Upon information and belief, Defendant's acts have been willful, deliberate, and intended to benefit Defendant at Plaintiff's expense.

64. As a result of Defendant's actions, Defendant has been unjustly enriched and Plaintiff has been injured and damaged.

65. Unless the foregoing alleged actions of Defendant are enjoined, Plaintiff will continue to suffer injury and damage, including, but not limited to the loss of business, competitive advantage, and goodwill.

66. There is no adequate remedy at law such that an injunction protecting Plaintiff is proper.

67. By reason of the foregoing acts, Defendant is liable to Plaintiff for trademark infringement under 15 U.S.C. § 1114.

## COUNT IV– FEDERAL UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, AND UNREGISTERED TRADEMARK AND SERVICEMARK INFRINGEMENT
### (Lanham Act § 43(a), 15 U.S.C. § 1125(a))

68. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 67 above.

16

69. Defendant's use of the MFS Marks falsely indicates that Defendant and its goods and services are connected with, sponsored by, affiliated with, or otherwise related to Plaintiff.

70. Defendant's use of the MFS Marks causes a likelihood of confusion, mistake, and deception among the public as to the source or sponsorship of Defendant and its goods and services.

71. The public and others are likely to believe Defendant's goods and services are provided by, sponsored by, approved by, licensed by, affiliated by, or in some way legitimately connected with Plaintiff, which has caused, and will cause, damage and irreparable harm to Plaintiff.

72. Defendant's unauthorized use of the MFS Marks in connection with its goods and services allows Defendant to receive the benefit of Plaintiff's goodwill, which Plaintiff has established at great labor and expense, and further allows Defendant to expand its business not based on its own qualities, but on the reputation and goodwill of Plaintiff.

73. Defendant's acts constitute unfair competition and trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

74. Upon information and belief, Defendant's acts have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of Plaintiff's rights in the MFS Marks and with intent to trade off Plaintiff's vast goodwill in its MFS Marks.

75. As a result of Defendant's actions, Defendant has been unjustly enriched and Plaintiff has been irreparably injured and damaged. Unless the foregoing alleged actions of Defendant are enjoined, Plaintiff will continue to suffer irreparable injury and damage, including, but not limited to, loss of business, competitive advantage, and goodwill.

17

76. There is no adequate remedy at law such that an injunction protecting Plaintiff is proper.

## COUNT V – TRADEMARK AND SERVICEMARK INFRINGEMENT
### (Common Law of Illinois)

77.  Plaintiff re-alleges and incorporates by reference paragraphs 1 through 76 above.

78. Defendant's acts as set forth herein constitute trademark and servicemark infringement under the common law of Illinois as they are likely to cause confusion to consumers regarding the source and sponsorship of Defendant's goods and services.

79. As a result of Defendant's actions, Defendant has been unjustly enriched and Plaintiff has been irreparably injured and damaged.  Unless the foregoing alleged actions of Defendant are enjoined, Plaintiff will continue to suffer injury and damage, including, but not limited to, the loss of business, competitive advantage, and goodwill.

80. There is no adequate remedy at common law such that an injunction protecting Plaintiff is proper.

## COUNT VI – DECEPTIVE TRADE PRACTICES
### (815 ILCS 510/2)

81.  Plaintiff re-alleges and incorporates by reference paragraphs 1 through 80 above.

82. Defendant is knowingly passing off goods or services for sale as those of Plaintiff.

83. Defendant is also knowingly making false representations as to the source, sponsorship, approval, and/or certification of goods or services.

84. Defendant is also knowingly making false representations as to affiliation, connection, association with, or certification by another person.

85. These actions cause a likelihood of confusion with consumers.

86. Defendant's conduct, as more fully described herein, constitutes deceptive trade practices in violation of 815 ILCS 510/2.

87. As a result of Defendant's Actions, Defendant has been unjustly enriched and Plaintiff has been injured and damaged. Unless the foregoing alleged actions of Defendant are enjoined, Plaintiff will continue to suffer injury and damage.

## COUNT VII - UNJUST ENRICHMENT
### (Common Law of Illinois)

88. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 87 above.

89. Upon information and belief, Defendant's acts complained of herein have conferred a benefit upon the Defendant at Plaintiff's expense.

90. Upon information and belief, Defendant has unjustly obtained said benefit at Plaintiff's expense and to Plaintiff's loss and detriment.

91. As a result of Defendant's actions, Defendant has been unjustly enriched and Plaintiff has been injured and damaged. Unless the foregoing alleged actions of Defendant are enjoined, Plaintiff will continue to suffer injury and damage.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment from this Honorable Court as follows:

a. Declare Plaintiff as the lawful owner of the copyright in the Asserted Photographs;

b. Declare that Defendant's unauthorized conduct violates Plaintiff's rights under common law and the Federal Copyright Act;

c. Declare that Defendant's unauthorized conduct violates Plaintiff's rights under the Digital Millennium Copyright Act;

d. Order that Defendant be required to account to Plaintiff for all gains, profits, and advantages derived from their infringement of Plaintiff's copyright in the Asserted Photographs;

19

e.  Award Plaintiff all profits and damages in such amount as may be found pursuant to 17 U.S.C. § 504 (b) (with interest thereon at the highest legal rate) for Defendant's infringement of each of the MFS Photographs, or such damages as are proper;

f.  In the alternative, if Plaintiff so elects, award maximum statutory damages in the amount of $30,000 per work infringed pursuant to 17 U.S.C. § 504 (c)(1); or such other amount as may be proper pursuant to 17 U.S.C. § 504;

g.  Upon a finding that Defendant willfully infringed Plaintiff's copyright in the Asserted Photographs, award Plaintiff the statutory maximum of $150,000 per work infringed pursuant to 17 U.S.C. § 504(c)(2); or such other amount as may be proper pursuant to 17 U.S.C. § 504;

h.  Award Plaintiff its actual damages pursuant to 17 U.S.C. § 1203(c)(2) or, in the alternative, statutory damages up to the maximum pursuant to 17 U.S.C. § 1203(c)(3), for Defendant's violation of 17 U.S.C. § 1202(b);

i.  Award Plaintiff its costs, reasonable attorneys' fees, and disbursements in this action, pursuant to 17 U.S.C. §§ 505 and 1203;

j.  Enter preliminary and permanent injunctions providing that Defendant shall deliver to Plaintiff all copies of the Asserted Photographs and all other materials containing such infringing copies in their possession, custody or control, for destruction;

k.  Enter preliminary and permanent injunctions providing that Defendant shall deliver to Plaintiff an accounting identifying each of their reproductions, displays, or distribution of the Asserted Photographs;

l.  Enter preliminary and permanent injunctions enjoining Defendant from engaging in any further acts of copyright infringement of the Asserted Photographs;

20

m. That Defendant be found to have infringed Plaintiff's rights in the MFS Marks;

n. That Plaintiff be granted preliminary and permanent injunctive relief under 15 U.S.C. § 1051 *et seq.* specifically, that Defendant and all persons acting in concert with them be enjoined from making any use of the MFS Marks or any mark confusingly similar thereto, in connection with the marketing, promotion, advertising, sale, or distribution of foot care products and services anywhere in the United States;

o. That Defendant be required to cease use of the MFS Marks, and any other marks infringing the MFS Marks, in all forms;

p. That Defendant be required to deliver up and/or destroy any and all insignias bearing the MFS Marks and/or any mark confusingly similar to the MFS Marks, in its possession as well as all labels, literature, signage and advertisements bearing such marks, together with any means for producing the same;

q. That Defendant be compelled to account to Plaintiff for any and all profits derived by it from its infringement of the MFS Marks;

r. That the Court award Plaintiff damages sustained due to Defendant's unlawful acts complained of herein, including damages recoverable pursuant to 15 U.S.C. § 1117;

s. That the Court award Plaintiff treble damages for Defendant's intentional acts in accordance with 15 U.S.C. § 1117;

t. That the Court declare this to be an exceptional case and award Plaintiff its full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a);

u. That Defendant otherwise be found liable on each of the causes of action enumerated in this Complaint;

v.  That the Court grant Plaintiff any other remedy to which they are entitled as provided

under Federal, State, or common law; and

w.  For such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
MYFOOTSHOP.COM, LLC


*/s/*  Beverly A. Marsh
By One of Its Attorneys

Beverly A. Marsh
F. Michael Speed, Jr.
Applications for *Pro Hac Vice* Admissions to be
Submitted
STANDLEY LAW GROUP LLP
6300 Riverside Drive
Dublin, Ohio  43017
Tel:  (614) 792-5555
Fax:  (614) 792-5536
litigation@standleyllp.com
bmarsh@standleyllp.com
mspeed@standleyllp.com

Jennifer Adams Murphy
Wessels Sherman Joerg Liszka Laverty
Seneczko P.C.
Dunham Center
2035 Foxfield Road
St. Charles, IL 60174
(630)377-1554
jemurphy@wesselssherman.com
Local Counsel for Plaintiff MyFootShop.com, LLC